## O'Byrne *versus* City of Philadelphia.

1. Where the proceedings under the provisions of a statute are designed to divest the title of the owner of property, every essential requirement of the statute should be observed. The necessity is the same whether the object be to sell for the non-payment of taxes or for a municipal claim.

2. A scire facias sur municipal claim for taxes was made returnable to the first Monday of February. The return of the sheriff was "made known January 28th 1878, by posting a true and attested copy of the within writ on a conspicuous part of the premises herein described, and by advertising * * * agreeably to the Act of Assembly in such case made and provided.' *Held*, that this return was radically defective, as it was apparent therefrom that the copy of the writ could not have been posted on the premises for two weeks, as required by the 30th section of the Act of March 11th 1846.

3. Land cannot be taken from the owner under said act without an observance of all its substantial requirements, and this service was clearly insufficient.

February 20th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of July Term 1878, No. 76.

12 NORRIS—15

[O'Byrne *v.* City of Philadelphia.] .

Claim for taxes by the City of Philadelphia against J. O'Byrne, owner, and Emeline O'Byrne, registered owner.

The facts are sufficiently stated in the opinion of this court.

*John A. Owens*, for plaintiff in error.—This is a proceeding *in rem*. It may be carried to the extent of judgment, execution and sale, without actual notice to the real owner. It is, therefore, more important that every essential requisite of the Act of Assembly prescribing the mode of service should be complied with. The return of the sheriff must show such compliance. The return in this case is fatally defective; it does not show that a true and attested copy of the writ was posted on a conspicuous part of the premises for two weeks *before* the return day, and it does not show publication as required in a daily paper for two weeks *before* the return day; nor are these omissions aided by the additional aver-ment of the return that it was agreeable. to the Act of Assembly. It is the duty of the sheriff to return the *mode* of service : Wistar *v.* The City, 5 Norris 215. Every positive legislative enactment, commanding that a specific form of procedure shall be adopted to accomplish a given purpose, by implication, prohibits the adoption of any other form, or the use of that form in an imperfect or different manner than as directed. The omission to name a return-day in the writ is also fatal.

*Louis E. Pfeiffer* and *J. L. Powell*, for defendant ˙in error.— The sheriff has in all particulars complied with the 30th section of the Act of 11th March 1846, Pamph. L. 115. Even if the sheriff had not posted an attested copy of the writ on the premises for two weeks, the service would be a valid one, provided that a copy of such writ was posted any time prior to the return-day, and the writ advertised twice a week for two weeks prior to said return-day

Mr. Justice MERCUR delivered the opinion of the court, May 3d 1880.

This was a scire facias on a municipal lien filed for taxes due the city. The Act of 11th March 1846, requires such writs to be served "by posting a true and attested copy of the writ on a con-spicuous part of the premises therein described, and by publishing a brief notice thereof in a daily newspaper in said county twice a week for two weeks before the return-day." The writ issued 19th of January 1878. The entry on the docket shows it was return-able on the first Monday of February; but there was an omission to insert any return-day in the writ. The sheriff made return to the writ. : "Made known January 28th 1878, by posting a true and attested copy of the within writ on a conspicuous part of the premises herein described, and by advertising notice thereof twice

[O'Byrne *v.* City of Philadelphia.]

a week for two weeks in the Philadelphia Chronicle-Herald, a daily paper published in this city, " agreeably to the Act of Assembly in such case made and provided, and *nil habet* as to J. O'Byrne owner, &c., and Emeline O'Byrne, registered owner."

This is a proceeding *in rem.* It is designed to effect a sale and divest the title of the real owner without any notice to him. Every essential requirement of the act should be observed. The necessity is the same whether the object be to sell for the non-payment of taxes or for a municipal claim. By no possibility could a service made on the 28th of January be two weeks before the first Monday of February. The latter day could not be later than the seventh, and counting the day of service there were four days only in January. At most then the service was not more than ten days " before the return-day." The words " agreeably to the Act of Assembly" does not help the service. The sufficiency of the service must be determined by the acts set forth in the return. It must state the acts which the sheriff did, and the court, and not the officer, will determine whether those acts constitute a service according to the Act of Assembly. This service is radically defective. The title of the owner of the lot cannot thereby be divested. Without notice to the owner land cannot be taken from him under this act without an observance of all its substantial requirements. This service is clearly insufficient: Wistar *v.* City of Philadelphia, 5 Norris 215.

　　　　　　　　　　　　　　　　　　Judgment reversed.