# Scranton v. Manley.

*Municipal lien—Defective service of sci. fa.—Striking off judgment.*

A judgment entered on a scire facias sur municipal lien for default of an appearance is voidable when the sheriff's return discloses that service was made nine days prior to the return day instead of ten as required by the Act of May 16, 1891, P. L. 69. Such service is defective and the judgment will be stricken off on motion unless it in some manner be made to appear that the defendant has waived the irregularity.

*Laches—Determinable from facts of each case.*

Laches is not to be imputed to a party from the mere lapse of time alone; the question is one involving equitable principles and is determinable from the particular facts.

In the case at bar a judgment by default was entered on a defective service of a sci. fa. October 11, 1892. The owner of the premises was dead at the time, and on January 9, 1899, the guardian of the minor heirs took a rule to strike off the judgment. *Held*, That as there was nothing to put the defendants on inquiry, that as they were minors and the rights of no innocent parties have intervened, they were not estopped from asserting the invalidity of the judgment.

Argued Jan. 12, 1900. Appeal, No. 43, Jan. T., 1900, by defendants in a suit of the city of Scranton against the heirs of James Manley, deceased, from order of C. P. Lackawanna Co., Sept. T., 1892, No. 1181, discharging rule to show cause why the return of the sheriff should not be set aside and judgment stricken off. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Reversed. Opinion by W. D. PORTER, J.

Rule to show cause why the return of the sheriff of a writ of scire facias sur municipal lien should not be set aside and the judgment thereon be stricken off. Before EDWARDS, J.

The facts sufficiently appear in the opinion of the court.

The court below entered the following order:

[Judgment in this case was entered against the defendant over six years ago, and we are now asked to disturb it on grounds purely technical. Although the return of the sheriff shows a personal service upon the defendant in September, 1892, one of the heirs of the defendant now comes in and claims that at that time James Manley was dead. It is also

claimed that the scire facias was not served ten days before the return day as required by the Act of May 16, 1891, sec. 3. There is no suggestion of any defense upon the merit. We think it is now too late to disturb the judgment. The parties concerned have been guilty of great laches.

The rule is discharged.] [1]
Defendant appealed.

*Error assigned* was the opinion of the court and the order discharging the rule, reciting same.

*Thomas P. Duffy*, with him *Richard J. Bourke*, for appellants.—As the statutes providing for liens for municipal and mechanics' claims are in derogation of the common law, a party who invokes their protection must bring himself strictly within their provisions; they cannot be extended by implication: Tillford v. Wallace, 3 Watts, 141 ; Bolton v. Johns, 5 Pa. 145.

Unless process is served the required time before the return day, it is utterly void, and may be cured only by the voluntary appearance of the defendant: Draper v. Draper, 59 Ill. 119; Harrington v. Harrington, 16 S. W. Repr. 538; Peck v. La Roche, 86 Ga. 314.

Return day and day of service not to be counted: Den v. Fen, 8 N. J. L. 303; Taylor v. Harris, 82 N. Car. 25.

In the case of Wistar v. City of Philadelphia, 86 Pa. 215, the return was held to be fatally defective because the writ was not posted on a conspicuous part of the premises for two weeks before the return day and because it did not show publication for two weeks before the return day: O'Byrne v. Phila., 93 Pa. 225 ; Ferguson v. Quinn, 123 Pa. 337.

It was decided in Cromelien v. Brink, 29 Pa. 522, that the first day is to be excluded and the last day included in the computation, whenever a certain number of days is allowed to do an act.

This was allowed in Marks v. Russell, 40 Pa. 372, and Black v. Johns, 68 Pa. 83. In the case of Coulter v. Selby, 39 Pa. 358, it was decided " that the widow and heirs are regarded in the light of terre-tenants for the law of descent casts the title upon them." And it has been expressly decided that " a terre-tenant may contradict a sheriff's return." This is de-

cided in Drum v. Kelly, 34 Pa. 415, and White's Est., 20 Phila. 106.

In Simons v. Kern, 92 Pa. 455, it was held, per STERRETT, J. " that the failure to serve the registered owner, as required by the registry act of 1867 was a fatal defect, which altogether avoided the proceedings, and which was not cured by the acknowledgment of the sheriff's deed : "   Wistar v. Phila., 86 Pa. 215.

*A. A. Vosburg*, city solicitor, with him *D. J. Davis*, assistant solicitor, for appellee.—The sheriff's return shows that James Manley was regularly served.   This return is conclusive : Zion Church v. St. Peter's Church, 5 W. & S. 215.

It is well settled that a party may lose a right to have a judgment vacated by reason of delay in making his application.

Relief will not be granted where the party has been guilty of laches or unreasonable delay in seeking his remedy : McCormick v. Hogan, 48 Md. 404.

A delay of five years was held to be a bar in Bostwick v. Perkins, 4 Ga. 47.

In another case, a delay of two years was held to be fatal : People v. Judges, 1 Dougl. (Mich.) 417.   See Wygant v. Brown, 7 N. Y. Supp. 490.

In Pennsylvania it is held that the matter of vacating judgments is discretionary and is not reviewable by a writ of error : Zebley v. Storey, 8 W. N. C. 212.   See on same point, Bunce v. Wightman, 29 Pa. 335, Ringwalt v. Brindle, 59 Pa. 51, and Landis v. Maher, 1 W. N. C. 407.

Although, since the Act of May 20, 1891, P. L. 101, an appeal may now be taken to the appellate courts in cases of this character, this act has not taken away the discretion of the court below.   On appeal, the appellate court will only determine whether the discretion has been properly exercised : Kilber v. Plow Co., 146 Pa. 485 ; Leader v. Dunlap, 6 Pa. Superior Ct. 243.

OPINION BY W. D. PORTER, J., April 23, 1900 :

The city of Scranton filed a municipal lien against the property of the defendant for paving in front of his property on Washington avenue, in said city.   On September 24, 1892, a

scire facias was issued upon said municipal claim, returnable to the first Friday of October, 1892, and the sheriff made return to said writ "that on the 28th day of September, 1892, I served the within writ on the within-named James Manley," etc. On October 11, 1892, the plaintiff entered judgment for want of an appearance and affidavit of defense. No further action was taken in the proceeding until January 9, 1899, when Michael J. Kelly, guardian of the minor children of said James Manley, the defendant, presented his petition, setting forth that the service of the writ of scire facias above mentioned had not been made in accordance with the terms of the act of assembly, in that it was not served ten days before the return day of the writ, and, further, that the said James Manley had died on June 13, 1891, and letters of administration upon his estate had been issued by the orphans' court of Lackawanna county on June 26, 1891, more than a year before the date of the alleged service of the scire facias, and moved the court to strike off the judgment. The court granted a rule on the plaintiff to show cause why the judgment should not be stricken off. The plaintiff filed no answer to this rule, but the defendants took depositions of a number of witnesses, who all testified, in substance, that James Manley had died on June 13, 1891. After hearing, the court discharged the rule. From which order this appeal was taken.

Claims of this character are founded upon statute, and the remedies provided by the statutes must be strictly pursued. The authority for the entry of judgment in default of an appearance in this case must be found in the Act of May 16, 1891, P. L. 69, and the portions of that act which are here applicable are as follows, to wit: "Said writ of scire facias shall be made returnable to the monthly or other return day in the respective courts, and shall be served upon the owner or reputed owner personally, or by leaving a copy thereof, duly attested, with an adult member of his family at his dwelling house, at least ten days before the return day thereof." And section 4: "If the writ shall be served, and no appearance entered on or before the return day thereof, the plaintiff shall be entitled to judgment after the return day thereof for the debt, interest and costs of such lien." Assuming the return of the sheriff to be conclusive, this writ was served on September 28, 1892. The

writ was returnable the first Friday of October, 1892, which in that year fell upon October 7. In the computation of time the return day is not to be included, and, at the utmost, therefore, this writ was served but nine days before the return day. The service was manifestly defective, in that it did not comply with the express provisions of the statute. The defendant was not legally required to appear, and any judgment entered in default of an appearance, in response to this service, was irregular upon its face. Such a judgment ought to be stricken off on motion, unless it, in some manner, be made to appear that the defendant has waived the irregularity: Fitzsimons v. Salomon, 2 Binney, 436; Black v. Johns, 68 Pa. 83; Wistar v. Philadelphia, 86 Pa. 215; O'Bryne v. Philadelphia, 93 Pa. 225. This was not an appeal to the discretion of the court, invoking its equitable powers to open the judgment and let the defendant into a defense upon the merits; it was an assertion of a strict legal right to have the judgment set aside because of the irregularities appearing upon the face of the record. In proceedings of this character it is not necessary to allege a defense upon the merits: Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33. The petitioner in the present rule represented the children of James Manley, deceased, who were terre tenants, having succeeded to the title by descent, and clearly had standing to move the court to set the judgment aside. This judgment was not void, but was, unquestionably, voidable, as appeared from its own record. If the defendant had appeared or done any act which delayed the cause, or necessitated the incurring of costs, it would have been a waiver of the irregularity. If the city had proceeded upon the lien and the property been bought by a purchaser for value, he would have been protected by the judgment. But nothing was done; the city permitted its irregular judgment to lie dormant, and the minor children of James Manley were not aware of its existence. The judgment is now attacked directly, and, unless it be for something outside the record, it must fall. It has been argued that the defendants have been guilty of laches, in permitting so long a period of time to elapse before making this application. In order to sustain this position it must appear that the defendants have been guilty of some omission which would warrant the presumption that they had abandoned their claim and de-

clined to assert their rights. It is an implied waiver, arising from the knowledge of the conditions and an acquiescence in them. In order to defeat the right of a defendant to be relieved from a judgment irregular upon its face, it must appear that he knew or ought to have known of the existence of the judgment: Estate of the Bank of Pennsylvania, 60 Pa. 471; Kohler v. Luckenbaugh, 84 Pa. 260. If this writ had been served on James Manley ten days before the return day, he would have been presumed to know that judgment would be entered against him if he did not appear; but when the writ was served upon him less than ten days before the return day, he had no right to presume that the plaintiff would illegally enter a judgment. The service of this writ, even if it had been served on James Manley upon the day alleged in the return, would not have been notice to him that any judgment was about to be entered against him. There is no evidence whatever that either James Manley or his minor children, to whom the property descended, ever had any notice or knowledge that this judgment had been entered until the time when this application was made. Laches is not to be imputed to a party from the mere lapse of time alone; the question is one involving equitable principles and is determinable from the particular facts. As the defendants in this case are not shown to have had any knowledge of the judgment, and there was nothing to put them upon inquiry, as the father is shown to have been dead before the writ issued, and the children were and are now minors, and the rights of no innocent third parties have intervened, we are of opinion that they are not estopped from asserting the invalidity of this judgment. The assignments of error are sustained.

Judgment reversed and a procedendo awarded.