# Hansell v. Downing.

*Deeds—Building restriction—Servitude.*

Where a deed contains a building restriction in favor of another lot, it is not in the power of the succeeding grantors of the servient lot to vary the restriction without the consent of the owners of the dominant tenement.

A restriction in a deed that no building should be erected upon a portion of the land conveyed, and that no building on the rest of the land should have a window or other opening so as to overlook the adjoining lot belonging to the grantor, his heirs or assigns, " at any time hereafter forever," is a covenant running with the land, and the restriction is appurtenant to the land of the grantor.

Where an owner of land subject to a building restriction starts to construct a building on the land in violation of the restriction, and is notified by the owner of the dominant tenement to stop work, which he accordingly does, but several months afterwards resumes the construction, and although on the very day that he starts is again warned by the other owner, rushes the work and completes the structure in two days, he cannot claim that the owner of the dominant lot was guilty of laches.

Laches is not to be imputed to a party from the mere lapse of time alone; it is an implied waiver arising from knowledge of existing conditions, and an acquiescence in them. The question is one involving equitable principles, and is determinable from the particular facts in each case.

Argued Dec. 11, 1900.    Appeal, No. 142, Oct. T., 1900, by defendant, from decree of C. P. No. 4, Phila. Co., Dec. T., 1899,

No. 838, on bill in equity, in case Rebecca W. Hansell v. Robert W. Downing. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Bill in equity for an injunction.

The facts are stated in the opinion of the Superior Court.

ARNOLD, P. J., entered the following decree:

And now, to wit: June 13, 1900, this cause came on to be heard on bill, answer and proofs, and was argued by counsel, and, thereupon, upon consideration thereof, it is ordered, adjudged and decreed as follows:

1. That Robert W. Downing, the defendant herein, shall take down and remove the building erected upon the restricted space mentioned in the plaintiff's bill of complaint within sixty days from the date hereof.

2. That Robert W. Downing, the defendant herein, is hereby perpetually restrained from erecting or constructing any building or buildings upon the restricted space mentioned in the plaintiff's bill of complaint, to wit: On the defendant's lot, or any part thereof, south of a line forty feet south of Latimer street and parallel therewith and adjoining the plaintiff's lot on the west as is more particularly described in the plaintiff's bill of complaint.

3. That the defendant shall pay all costs.

*Error assigned* was the decree of the court.

*S. G. Birnie*, with him *Francis G. Taylor*, for appellant.— The appellee is barred because of her laches: Mayer's App., 73 Pa. 166; Orne v. Fridenberg, 143 Pa. 487; Groff v. Bird-in-Hand Turnpike Co., 144 Pa. 150; Senior v. Pawson, L. R. 3 Eq. 330; Kilbey v. Haviland, 19 W. R. 698; Whitney v. Union Ry. Co., 11 Gray, 359; Isenberg v. East India House Estate Co., 3 DeG. J. & S. 263.

It is always incumbent upon one seeking to enforce a restriction to show that when it was created it was intended to impose a perpetual burden upon the title: Badger v. Boardman, 16 Gray, 559; Jewell v. Lee, 14 Allen, 145; Skinner v. Shepard, 130 Mass. 180; Landell v. Hamilton, 175 Pa. 327; Hutchison v. Thomas, 190 Pa. 242.

Acquiescence in the violation of a building restriction by one in whose favor it exists will prevent him from subsequently enforcing: Landell v. Hamilton, 177 Pa. 23.

*Richard P. White,* with him *Joseph H. Taulane,* for appellee. —It is not a prerequisite to the granting of a mandatory injunction that the bill should be filed before the completion of the structure complained of: Durell v. Pritchard, L. R. 1 Ch. App. Cases, 244 ; Lawrence v. Horton, 58 Law Jour. Ch. 440; Smith v. Smith, L. R. 20 Eq. 500 ; Attorney-General v. Alonquin Club, 153 Mass. 447 ; Reimer's App., 100 Pa. 182.

Such restrictions are covenants running with the land: Landell v. Hamilton, 175 Pa. 327 ; Hutchison v. Thomas, 190 Pa. 242.

OPINION BY W. D. PORTER, J., May 23, 1901 :

The learned judge of the court below found the following facts, all of which were substantially admitted by the defendant in his answer. The defendant is the owner of a lot of ground on the south side of Latimer street, in the city of Philadelphia, 149 feet and six inches west of 16th street, being twenty-five feet in front on Latimer street and extending of that width southerly seventy-five feet deep. The lot of the plaintiff adjoins the defendant's property and extends out easterly to 16th street. The title to both properties was formerly in Ferdinand J. Dreer, who on December 11, 1848, conveyed the lot of the defendant, with other property, to John McCrea, his heirs and assigns, by deed which created a building restriction in these words: " Provided always that no building or buildings to be erected by the said John McCrea, his heirs or assigns, on the easternmost 30 feet of the two last above described and granted lots of ground fronting on Latimer street, shall at any time hereafter, extend further in depth southward from the south side of Latimer street, aforesaid, than 40 feet nor shall any window or windows or other opening or openings be made in any building or buildings to be erected on the said lot of ground containing 30 feet in front on said Latimer street by 40 feet in depth, so as to overlook the adjoining lot belonging to the said Ferdinand J. Dreer, his heirs or assigns, to the eastward thereof at any time hereafter forever." The lot of the defendant is within the lines

of " the easternmost 30 feet of the two last above described and granted lots of ground fronting on Latimer street," and comes within the operation of the restriction. The lot of the plaintiff is a portion of the land to the eastward which remained the property of Ferdinand J. Dreer after the above recited conveyance ; the line between the lot of the plaintiff and that of defendant being the original line between the property which was made subject to the restriction and that in favor of which the restriction was made. The plaintiff has duly succeeded to the title of Ferdinand J. Dreer. The deeds through which the title of the defendant has come have recognized the existence of the building restriction, but in the deed by which the plaintiff took title the wording of the provision recognizing the restriction shows a departure from the language used in the deed by Dreer. Even if the rights of the defendant were to be determined by the deed of his immediate grantor, we are not disposed to concede that he had the right to erect the building now complained of. It is very clear, however, that it was not in the power of the succeeding grantors of the lot, which was subject to the restriction created by Dreer to vary the restriction without the consent of the owners of the dominant tenement. The rights of the parties are to be determined in accordance with the provisions of the deed from Dreer to McCrea.

The intention of the parties to the deed is by the language which they employed left free from doubt. The land upon which the restriction was imposed was the easternmost thirty feet fronting on Latimer street. The restriction was that no building upon that ground should extend farther south than forty feet from the south side of Latimer street; that the right to build should extend only to " said lot of ground containing 30 feet fronting on Latimer street by 40 feet in depth," and no building erected upon that part of the lot, should have a window or other opening, " so as to overlook the adjoining lot belonging to said Ferdinand J. Dreer, his heirs or assigns, to the eastward, thereof, at any time hereafter forever." There can be no doubt that this was a covenant running with the land and that the restriction was appurtenant to the land of Dreer, now owned by the plaintiff : Muzzarelli v. Hulshizer, 163 Pa. 643 ; Landell v. Hamilton, 175 Pa. 327 ; Meigs v. Milligan, 177 Pa. 66. The restriction was not imposed by Dreer solely

for his own private and personal benefit, but was a right reserved for the benefit of the land to the eastward, and was to be enjoyed by the grantor, his heirs and assigns forever.

There was in this case no allegation nor attempt to prove that there had been any change in the surroundings or use of the plaintiff's lot that would in any way lessen the importance of the appurtenant restriction. The learned judge of the court below has found that, prior to January, 1899, there had been no material violation of the restriction. A staircase leading down from the building on the front of the lot had at one time extended out onto the restricted space, but that had been removed in 1894. Such a slight and temporary intrusion could not involve a total destruction of the reservation, and even if the structure had been permanent, it would not establish the right to an extension of such use to other portions of the ground subject to the restriction. In January, 1899, the defendant owned the lot subject to the restriction, and there was nothing upon his lot of which the owners of the dominant tenement had any right to complain. Such were the rights of the parties and the condition of the property when, in said month, the defendant undertook to erect a building, to be used as a carriage house, upon the forbidden ground. He erected four upright posts, each three by four inches in size, and about as high as the fence between the lots. He was at once notified by plaintiff that the restriction held by her included any building of any description upon the land, and was requested to remove the posts. The defendant at once abstained from prosecuting his building operation and did nothing until November 27, 1899, when he resumed the erection of the shed, and, although on that very day again notified by plaintiff to desist, rushed the work and completed the structure in two days.

Defendant now asserts that because he thus quickly succeeded in erecting his building in defiance of the prompt protests of the plaintiff, before the plaintiff had filed a bill to restrain him, the plaintiff must be held to have been guilty of laches and not entitled to equitable relief. The statement of such a contention is its own answer. In order to justify a holding that the plaintiff has lost, through laches, a right founded in express contract, it must appear that she has been guilty of some omission which would warrant the presumption that she had aban-

doned her claim and declined to assert her right. Laches is not to be imputed to a party from the mere lapse of time alone; it is an implied waiver, arising from knowledge of existing conditions and an acquiescence in them. The question is one involving equitable principles and is determinable from the particular facts in each case. It clearly appears from the defendant's answer that he had full knowledge of the plaintiff's right and of her intention to assert it; there was in their dealings nothing which had the appearance of acquiescence upon her part in the course upon which he had determined: Estate of the Bank of Pennsylvania, 60 Pa. 471; Kohler v. Luckenbaugh, 84 Pa. 260; Scranton v. Manley, 13 Pa. Superior Ct. 439. In the conclusions of the learned judge of the court below there was no error.

The decree is affirmed.