## Fanning's License.

*Liquor laws—License—Restriction against liquor selling in line of title —Covenant in deed— Covenant running with land.*

It is a legal reason for the court of quarter sessions to refuse a retail liquor license, because in the line of title of the property for which the license is asked there is a restriction against the use of the premises " for the manufacture, sale or storage of spirituous, vinous or malt liquors " from and after a date mentioned " for all times thereafter forever." Such a restriction in a deed is proper and legal. Cowell v. Colorado Springs Co., 100 U. S. 55, followed.

No man has a right to a liquor license; he only has the right to present his application to the court and whether or not he shall be licensed depends upon the discretion of the court exercised in a sound and judicial manner.

Argued Oct. 12, 1903.  Appeal, No. 106,  Oct. T., 1903, by Thomas F. Fanning, from order of Q. S. Phila. Co., June Term, 1903, No. 106, refusing a liquor license in In re Application of Thomas F. Fanning.  Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.  Affirmed.

Application for a retail liquor license.  Before BEITLER and BARRATT, JJ.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court refusing the license.

*A. S. L. Shields*, for appellant.—The refusal of a license to sell liquor at retail for the reason that in the title deed to the premises for which the license is applied there is a restriction against the use of such premises as a saloon, is not a matter within the discretion of the license court, and there is no authority given to that court to refuse a license for such reason: Howell's Application, 10 Pa. Dist. Rep 504; Act of May 13, 1887, P. L. 108; Doylestown Distilling Co., 6 Pa. Superior Ct. 87; Doberneck's App., 1 Pa. Superior Ct. 99; Gemas's App., 169 Pa. 43; Babb's License, 2 Pa. Superior Ct. 38, Franklin County Liquor Licenses, 12 Pa. Dist. Rep. 212; Whitling's Petition, 18 Phila. 670.

*William V. Collier*, with him *D. Clarence Gibboney*, for appellee.—A license court may, in its discretion, refuse to grant a license to sell liquor at retail if the title deed to the premises for which the license is applied contains a restriction against the use of such premises as a saloon: Reed's Appeal, 114 Pa. 452; Raudenbusch's Petition, 120 Pa. 328; Sparrow's Petition, 138 Pa. 116; Teller's License, 3 Pa. C. C. Rep. 235; Burn's License, 3 Pa. Dist. Rep. 429; Russell's License, 1 Pa. Dist. Rep. 267; Heilig's License, 2 Pa. Dist. Rep. 342; Hanlen's License, 3 Pa. C. C. Rep. 474; Navigation Co. v. Gluck,

5 Pa. C. C. Rep. 662; Snyder's License, 2 Pa. Dist. Rep. 785; Donovan's License, 9 Pa. Superior Ct. 647.

There can be no doubt but that this covenant can be specifically enforced in equity: Clark v. Martin, 49 Pa. 289; St. Andrew's Lutheran Church's Appeal, 67 Pa. 512; Blood v. Crew-Levick Co., 177 Pa. 606; Ogontz Land & Improvement Co. v. Johnson, 168 Pa. 178; Landell v. Hamilton, 175 Pa. 327; Landell v. Hamilton, 177 Pa. 23; Allen v. Hamilton, 177 Pa. 26; Meigs v. Milligan, 177 Pa. 66.

Or that the grantor may maintain an action at law for damages for a breach thereof: Keating v. Springer, 146 Ill. 481 (34 N. E. Repr. 805); Orne v. Fridenberg, 143 Pa. 487.

OPINION BY MORRISON, J., December 19, 1903:

Thomas F. Fanning filed his petition and bond for a retail liquor license in due legal form. To this application a remonstrance was filed, which in substance set up the following: " That the said premises were conveyed to the applicant by deed from Charles Schaffer and wife, the deed bearing date the first day of August, 1896, and contained the following special restrictions, to which the said applicant agreed, viz : " Under and subject to the further restriction that the said lot of ground or any part thereof, and any building thereon erected, or to be erected, shall not be used or occupied in any way whatsoever for the manufacture, sale or storage of spirituous, vinous, or malt liquor from and after the 31th day of December, A. D. 1897, for all times thereafter forever." The premises referred to in the above quotation are the same described in the petition for a license as No. 1521 Belmont avenue, Philadelphia. Upon hearing and consideration the court below, consisting of Judges BEITLER and BARRATT, refused to license the applicant by the following order: And now, May 21, 1903, it is ordered that the prayer of the petition be refused for the reason that, as set out in the opinion this day filed, we do not think that we should license a house on a lot in the title to which there is a restriction against its use as a saloon, and this notwithstanding the fact that the grantor making the reservation was not one of the remonstrants." The learned counsel for the petitioner states the questions involved as follows: " 1. Whether a license court has power to refuse a license to sell liquor at

retail for a reason not provided by statutes in reference to retail liquor license.	2. Whether a license court has power to refuse to grant a license to sell liquor at retail on certain premises for the sole reason that in the title deed thereto there appears a restriction against the use of said premises for the manufacture, sale, or storage of liquors, no one in the line of title remonstrating. "

From this order of the court refusing his license application, this appeal was taken and the assignments of error substantially raise the questions above quoted from the statement of questions involved by the counsel for the petitioner. The learned court below filed an opinion giving the reasons for the refusal of the license. It has been strongly contended before this court that the court of quarter sessions cannot refuse a license to a petitioner who complies with the forms of the law for any other than statutory reasons. We have considered this argument with some care, but cannot agree with the contention that the reason assigned by the court below was not a legal reason. We are not willing to say that the owner of land may not convey it with a covenant, restriction or condition, that no spirituous, malt or brewed liquors may thereafter be sold thereon. Nor are we willing to say as matter of law that it is the duty of the court of quarter sessions to grant a license to an applicant for the retailing of intoxicating drinks upon a lot of land conveyed to him by a deed in which there is a plain covenant that said lot of ground or any part thereof or any building thereon erected or to be erected shall not be used or occupied in any way whatever for the manufacture, sale or storage of spirituous, vinous or malt liquor for all times after a date named. It does not seem to us that the applicant had any right to expect the court below to grant him a license to do that which was a violation of the plain restriction or covenant contained in the deed for the premises upon which he desired to sell the intoxicating liquors. Indeed it might be argued that the applicant failed to show the court that he had possession of any place where he could lawfully engage in the retail liquor business because an examination of his title showed that he was plainly restricted from selling intoxicating liquors in any building erected on the land referred to or any part of it. It can hardly be contended that a court

of equity would not restrain a man from engaging in the sale of intoxicating liquors upon premises conveyed to him by a deed containing a covenant or restriction like the one under consideration. Certainly he would be restrained if a bill were filed by his grantor, and it is not at all certain that he would not be so restrained if the bill were filed by property owners in the vicinity who could satisfy the court that they had purchased their property and established their homes in that locality for the reason that the grantor of the lots in that vicinity had prohibited the sale of intoxicating liquors upon such premises. If we are correct in this conclusion it cannot be contended with much force that the court of quarter sessions should grant a license to an applicant to sell intoxicating liquors when the same judges sitting on the equity side of the court might be called upon as soon as the licensee undertook to engage in the sale of liquors to restrain him from so doing. We are of the opinion that in addition to this there is a question of public policy involved which ought not to be lightly brushed aside. Suppose for instance that the owner of a tract of land subdivides it into building lots, and sell these lots to a large number of persons, inserting in the deed of each a restriction or covenant against the sale of intoxicating liquors like the one under consideration, then suppose the purchasers erect residences, churches, schoolhouses and such buildings, and institutions as are necessary and convenient for the accommodation of a quiet, thrifty neighborhood. After all this has been accomplished is it to be tolerated that a few of these purchasers can go into the court of quarter sessions and procure licenses to retail intoxicating liquors among these homes, schoolhouses and churches? We think not. We are of the opinion that the petitioner having purchased his land with a restriction against engaging in the liquor business thereon plainly set out in his deed, ought not to be granted a license which authorizes him to violate this restriction or covenant.

It hardly seems necessary to cite authorities in support of the validity of a restriction in the deed like the one before us. In Cowell v. Colorado Springs Co., 100 U. S. 55, Mr. Justice FIELD delivering the opinion of the Supreme Court of the United States said: " The deed of conveyance stated that the consideration of its execution was $250, and an agreement between the par-

ties that intoxicating liquors should never be manufactured, sold, or otherwise disposed of as a beverage in any place of public resort on the premises. And it was expressly declared that in case this condition was broken by the grantee, his assigns or legal representatives, the deed should become null and void, and the title to the premises conveyed should revert to the grantor." The grantee went into possession of the premises under the deed and violated the provisions of the agreement above referred to. Justice FIELD continuing said: "The principal questions, therefore, for our determination are the validity of the condition, and, on its breach, the right of the plaintiff to maintain the action without previous entry or demand of possession. The validity of the condition is assailed by the defendant as repugnant to the estate conveyed. His contention is, that as the granting words of the deed purport to transfer the land, and the entire interest of the company therein, he took the property in absolute ownership, with liberty to use it in any lawful manner which he might choose. With such use the condition is inconsistent, and he therefore insists that it is repugnant to the estate granted. But the answer is, that the owner of the property has a right to dispose of it with a limited restriction on its use, however much the restriction may affect the value or the nature of the estate. Repugnant conditions are those which tend to the utter subversion of the estate, such as prohibit entirely the alienation or use of the property. Conditions which prohibit its alienation to particular persons or for a limited period, or its subjection to particular uses, are not subversive of the estate: they do not destroy or limit its alienable or inheritable character: Sheppard's Touchstone, 129, 131. The reports are full of cases where conditions imposing restrictions upon the uses to which property conveyed in fee may be subjected have been upheld. In this way slaughter houses, soap factories, distilleries, livery stables, tanneries and machine shops have, in a multitude of instances, been excluded from particular localities, which, thus freed from unpleasant sights, noxious vapors, or disturbing noises, have become desirable as places for residences of families. To hold that conditions for their exclusion from premises conveyed are inoperative, would defeat numerous arrangements in our large cities for the health and comfort of whole neighborhoods.

" The condition in the deed of the plaintiff against the manufacture or the sale of intoxicating liquors as a beverage at any place of public resort on the premises was not subversive of the estate conveyed. It left the estate alienable and inheritable and free to be subjected to other uses. It was not unlawful nor against public policy, but, on the contrary, it was imposed in the interest of public health and morality."

The very able argument of the counsel for the petitioner has not convinced us that the court erred in refusing to license the petitioner for the reasons given. by the court in the order and opinion. It has been frequently said by our Supreme Court that no man has a right to a license ; that he only has the right to present his application to the court and whether or not he shall be licensed depends upon the discretion of the court exercised in a sound and judicial manner: Raudenbusch's Petition, 120 Pa. 328. See opinion of Mr. Justice PAXSON (p. 340) where he says the petitioner assumes " that he is entitled as a matter of right to a license, upon complying with the provisions of the act of 1887, in the absence of any allegation that he is an improper person to be so licensed. This is the fallacy which underlies his case, as well as the able argument of his learned counsel. He has no such absolute right, nor has any other man in the commonwealth. " When the petitioner accepted the deed for the premises at No. 1521 Belmont avenue with the restrictive covenant contained therein, that covenant became the law of the transaction so far as he is concerned, and he has no right to expect the court of quarter sessions of Philadelphia county to grant him a license to engage in a business which violates the said restrictive covenant.

The assignments of error are all dismissed and the order refusing the prayer of the petitioner is affirmed and his appeal is dismissed at his costs.