## Raschiatore's Appeal

*Marquis Smith*, for appellant.

*John Walker*, Deputy Attorney General, for Pennsylvania Liquor Control Board.

COPELAND, P. J., December 29, 1934.—From the testimony and pleadings in this case it appears that the appellant was granted a restaurant liquor license by the Pennsylvania State Liquor Control Board on May 16, 1934, said license to extend to December 31, 1934. His application for a renewal of this license for the calendar year 1935 was refused by the board in a letter directed to the appellant dated November 15, 1934, in which it advised the appellant that his application was refused because of the restriction contained in his deed which prohibits the sale of liquor.

The appellant is the owner of the lot of ground upon which his restaurant is operated. It is situated in the Borough of Vandergrift, Westmoreland County, Pennsylvania, being part of lots nos. 20 and 21 in block N as laid out in the plan of the first addition to Vandergrift Heights.

The appellant acquired title to these premises by deed from Rebecca Whitehouse, dated April 9, 1934, and recorded in the recorder's office in this county in deed book, vol. 956, page 304. The appellant's deed was offered in evidence. There is found in the deed the following language: "Excepting and reserving, however, all the coal, oil and gas and other minerals underlying said lot, and also subject to the restriction as to the manufacture or sale of liquors or intoxicating drink as contained in the deed from the Apollo Iron & Steel Company, dated December 17th, 1896, recorded in Deed Book Vol. 253, page 21, to the Vandergrift Land & Improvement Company".

The restriction to which reference is made as found in the deed referred to is as follows: "And said party of the second part for itself, its successors and assigns, does hereby covenant, grant and agree with and unto the party of the first part, its successors and assigns, that no vinous, malt, brewed, fermented or distilled liquors, or intoxicating drink of any kind shall be manufactured, sold or offered for sale on the tracts of land hereby con-

veyed or upon any part thereof for the full term of ninety-nine years from the date hereof."

The only question for decision, then, is whether or not a liquor license should be granted to the appellant so as to permit him to sell intoxicating liquors in violation of the restriction contained in the deed last mentioned and referred to and made part of the deed to the appellant offered in evidence.

This restriction is, of course, a covenant running with the land. It was so held in the case of Cambria Iron Co. v. Schry, 38 Pa. C. C. 410. There the restriction contained in the deeds in the defendant's chain of title was to the effect that no spirituous or intoxicating liquors should at any time be sold or kept for sale on the premises. In the case referred to a large tract of land had been laid out in lots in the City of Johnstown, and the same restriction was contained in each deed for each lot.

President Judge Shull in his conclusions of law in that case said, quoting from pages 417 and 418: "1. That the evidence and the law warrants the conclusion that there is a liquor restriction or covenant running with the line of title to defendant's premises, which is reasonable and legal;

"2. That said restriction is in the nature of an easement for the benefit of adjoining lots in the plan or plot, as laid out by plaintiffs' predecessor in title".

The case of Hansell v. Downing, 17 Pa. Superior Ct. 235, decides that a restriction in a deed to the effect that no building should be erected upon a portion of the land conveyed, and that no building on the rest of the land should have a window or other opening so as to overlook the adjoining lot belonging to the grantor, his heirs or assigns, at any time thereafter and forever is a covenant running with the land and the restriction is appurtenant to the land.

The building restriction differs in no wise from a re-

striction of the character found in this case. Each of them is intended to operate for proper enjoyment of the premises and the intent of the parties in creating the original restriction was certainly to the effect that the same constituted a covenant running with the land.

The case of Fanning's License, 23 Pa. Superior Ct. 622, involves substantially the same facts and circumstances as are found in the instant case. There the appellant filed a petition and bond for a retail liquor license. A remonstrance was filed setting up that the premises were conveyed to the appellant by a deed in which a restriction was found to the effect that the lot of ground and any building erected thereon should not be used or occupied for the manufacture, sale or storage of spirituous, vinous or malt liquor.

Judge Morrison in that case in affirming the lower court's refusal to grant a license said, quoting from page 625, that: "It has been strongly contended before this court that the court of quarter sessions cannot refuse a license to a petitioner who complies with the forms of the law for any other than statutory reasons. We have considered this argument with some care, but cannot agree with the contention that the reason assigned by the court below was not a legal reason. We are not willing to say that the owner of land may not convey it with a covenant, restriction or condition, that no spirituous, malt or brewed liquors may thereafter be sold thereon. Nor are we willing to say as matter of law that it is the duty of the court of quarter sessions to grant a license to an applicant for the retailing of intoxicating drinks upon a lot of land conveyed to him by a deed in which there is a plain covenant that said lot of ground or any part thereof or any building thereon erected or to be erected shall not be used or occupied in any way whatever for the manufacture, sale or storage of spirituous, vinous or malt liquor for all times after a date named. It does not seem to us that the applicant had any right to expect the court be-

low to grant him a license to do that which was a violation of the plain restriction or covenant contained in the deed for the premises upon which he desired to sell the intoxicating liquors. Indeed it might be argued that the applicant failed to show the court that he had possession of any place where he could lawfully engage in the retail liquor business because an examination of his title showed that he was plainly restricted from selling intoxicating liquors in any building erected on the land referred to or any part of it."

The court further in its opinion, on page 626, comments on the question of public policy involved and says: "We are of the opinion that in addition to this there is a question of public policy involved which ought not to be lightly brushed aside. Suppose for instance that the owner of a tract of land subdivides it into building lots, and sells these lots to a large number of persons, inserting in the deed of each a restriction or covenant against the sale of intoxicating liquors like the one under consideration, then suppose the purchasers erect residences, churches, schoolhouses and such buildings, and institutions as are necessary and convenient for the accommodation of a quiet, thrifty neighborhood. After all this has been accomplished is it to be tolerated that a few of these purchasers can go into the court of quarter sessions and procure licenses to retail intoxicating liquors among these homes, schoolhouses and churches? We think not. We are of the opinion that the petitioner having purchased his land with a restriction against engaging in the liquor business thereon plainly set out in his deed, ought not to be granted a license which authorizes him to violate this restriction or covenant."

This decision of the Superior Court is followed and affirmed in the case of Trotter's License, 24 Pa. Superior Ct. 26.

While the Pennslvania Liquor Control Act of November 29, 1933, P. L. 15, does not specifically set forth any

particular matters which shall be considered by the Court of Quarter Sessions in passing on the question of the Liquor Control Board's refusal to grant a license, yet section 404 of the act does provide for a hearing, which hearing was held in this case on December 17, 1934, at which time testimony was presented by the appellant and the board, upon which testimony the court should, after consideration, either sustain the refusal of the board or order the issuance of the license to the appellant.

The testimony so produced, of course, should, as it did here, relate to all matters affecting the appellant's right to have a license issued to him, and testimony should be produced, as it was here, from which the court can make some proper decision of the matters in issue.

It will be noted in the case of Fanning's License, cited supra, the question was raised as to whether or not the court of quarter sessions could refuse a license to a petitioner, who complies with the forms of the law, for any other than statutory reasons and the court quite definitely and directly in that case decided that it could consider a matter such as a restriction in a deed prohibiting the sale of intoxicating liquors upon the premises in deciding whether or not a license should be granted.

As was said in the last part of the opinion in that case, quoting from page 628: "It has been frequently said by our Supreme Court that no man has a right to a license; that he only has the right to present his application to the court and whether or not he shall be licensed depends upon the discretion of the court exercised in a sound and judicial manner".

The Liquor Control Act has made no change in this situation and the court has the right to exercise its sound and judicial discretion in an appeal from the refusal of the Liquor Control Board to grant a license. The action of the board in refusing a license to the appellant Frank Raschiatore is, therefore, sustained.

There is no question about the fact that this appellant is a proper person to have a license and that his building and fixtures meet every requirement of the law for a license for such a place.

We realize that it is a hardship upon him to have expended the money which he did in making his building and its fixtures meet all the requirements of the law, but he should have known that the restriction in his deed was a covenant running with the land, prohibiting either the court of quarter sessions or the Pennsylvania State Liquor Control Board from granting this license.

It is true that the Pennsylvania State Liquor Control Board did heretofore grant a license, but in doing so they doubtlessly overlooked this covenant in the appellant's chain of title. It has now discovered its error and there is no reason for it to continue in error, and there is no reason for the court of quarter sessions to make the same error when it has been apprised of the covenant in the chain of title, prohibiting the original purchaser or its successors or assigns from the manufacture, sale or offering for sale vinous, malt, brewed, fermented or distilled liquors or intoxicating drink of any kind on said premises.

And now, to wit, December 29, 1934, after the taking of testimony, after argument and after due and careful consideration, it is ordered, adjudged and decreed that the action of the Pennsylvania State Liquor Control Board in refusing a license to the appellant be and the same is hereby sustained; the costs of this proceeding to be borne by the appellant.