## Havens' License

*Oscar O. Bean*, and *Vanartsdalen & Biester*, for appellant.

*Thomas I. Guerin*, Deputy Attorney General, for Liquor Control Board.

BOYER, J., September 14, 1936.—This is an appeal from a decision of the Pennsylvania Liquor Control Board in refusing an application for a hotel liquor license. The only reason appearing for the refusal is that stated in a letter from the board to the applicants and the statement of counsel for the board at the time of the hearing. The reason stated is that the deed for the premises in question

to the applicants contains certain restrictions as to the use of the premises, to wit:

"That said lot or piece of ground shall not at any time forever hereafter be used for any purpose or thing or in any manner which will be offensive or detrimental to the quiet and peaceful enjoyment of other lands in the vicinity, or obnoxious to or detrimental to the good health and morals of the people residing in that vicinity."

The board apparently construed this restriction to inclue a prohibition against the sale of intoxicating beverages at a licensed hotel or inn on the premises.

It was admitted by counsel for the Commonwealth "that the premises for which the license is sought meets the physical requirements as to floor space, seating capacity, physical equipment and sanitation", and that "the applicants themselves are reputable and responsible persons". The applicants offered in evidence their deed for the premises, photographs of the premises, the application for the license, the bond and the letter notifying the applicants of the refusal of a license. The inn, as shown by the photographs, is a handsome, commodious structure made by remodeling and enlarging an old colonial stone mansion. The Commonwealth offered blue prints showing the location of the premises in question adjoining the Washington Crossing State Park, and called six witnesses who testified as to their respective opinions as to whether the issuing of a liquor license to the applicants would be "offensive or detrimental to the quiet and peaceful enjoyment of other lands in the vicinity". The Commonwealth also filed remonstrances signed by approximately three hundred residents of the vicinity and surrounding boroughs. However, these remonstrances were not offered in evidence.

The appeal raises the sole question whether or not the conducting of a hotel on the premises, under a liquor license, would be a violation of the restrictions in the applicants' deed above referred to. If it were in violation of such restrictions, this would be a valid ground for refus-

ing the application: Fanning's License, 23 Pa. Superior Ct. 622; Vitko v. Pennsylvania Liquor Control Board, 23 D. & C. 648. In each of those cases there was a specific restriction against the sale of liquor upon the premises. It is contended by the Commonwealth in the present case that the sale of alcoholic beverages under a license granted in accordance with the provisions of the Liquor Control Act of November 29, 1933, P. L. 15, and its amendments, is per se offensive and detrimental to the quiet and peace of the neighborhood and obnoxious to good health and morals of the people, and that, therefore, it comes within the prohibitions contained in the deed.

Is the sale of alcoholic beverages under a liquor license in itself offensive and obnoxious to good health and morals? The Liquor Control Act of 1933, as amended, providing for the granting of licenses to individuals and making the State a partner in the liquor business for profit, declares in section 3 that the purpose of these provisions is for ". . . the protection of the public welfare, health, peace and morals of the people of the Commonwealth. . . ." It would seem to be rather inconsistent and paradoxical for the Commonwealth to contend that a business in which it is itself participating for profit is immoral, and that, as conducted under the numerous restrictions in the act and under the control of the board, it is an immoral or obnoxious business. It was held in Dennis et al. v. Burke et al., 26 Dist. R. 535, that the business of a saloon for the sale of alcoholic liquors under the Brooks High License Act of ·1887 was not an "offensive occupation" within the meaning of a restriction in a deed which did not specifically refer to or prohibit the sale of liquor. The court in that case said at page 539:

". . . it does not seem that the parties, at the time this deed was made, had in view the selling of liquor as an offensive occupation, or they would have placed a restriction in the deed, as was done in other instances. . . . The business is not offensive in the sense that it is a nuisance per se: Jones v. Thorne, 1 Barnwell & Cresswell, 715. If

it should be judged by the manner in which a saloon could become offensive, then it is upon the ground of the use that the plaintiffs have the right to call upon a court of equity to restrain its continuance, and until this use has been shown to be offensive, there is no jurisdiction for courts to interfere."

If the exercise of rights under a liquor license were held to be a violation of the restriction, there being no express prohibition in this respect, it could be so held only by implication. But our appellate courts have repeatedly said that such restrictions as to the use of land cannot be extended by implication. In Culp et al. v. Firestone T. & R. Co. et al., 303 Pa. 257, 261, the court, by Mr. Justice Maxey, said, quoting from the opinion of the chancellor in the court below:

" 'Reservations upon the use of land are never favored by the law; hence it follows that such provisions are never to be extended by implication: De Sano v. Earle, 273 Pa., 265, 270. "Covenants restricting the use of land are construed most strictly against one claiming their benefit and in favor of free and unrestricted use of the property; a violation of the covenant occurs only when there is a plain disregard of the limitations imposed by its express words. . . . It does not extend to limitations arising by implication: Taylor v. Lambert, 279 Pa. 514; St. Andrew's Lutheran Church's App., 67 Pa. 512; Francis v. Dean, 80 Pa. Superior Ct. 108"; Satterthwait v. Gibbs, 288 Pa. 428, 431.' "

In Peirce v. Kelner, 304 Pa. 509, it was held that restrictions on the use of land cannot be enforced unless they appear in express terms, the court, by Chief Justice Kephart, saying at page 515:

"A limitation in a conveyance, coming after a prior grant of an unlimited right, will not avail to cut down the unlimited right unless the intent to do so is clearly expressed. Restrictions in deeds deal with property rights. They do not arise, nor can they be enforced, unless they appear in express terms. A subsequent clause

to extend the scope of the operation of the restriction must be expressed in clear and explicit language."

These cases were followed by Henry v. Eves et al., 306 Pa. 250.

It appearing to us to be clear that under the law there can be no restriction by mere implication as to the sale of liquor under a license legally granted, we feel that the board was in error in refusing the license on that ground.

The board contends that the operation of a hotel under a liquor license on these premises might be a nuisance per se by reason of its proximity to a State park. The evidence shows that the premises in question abut on the lands of the Washington Crossing Park, owned by the Commonwealth. It is admitted that the Liquor Control Act makes no exception to the granting of licenses to applicants on the ground that the premises are contiguous to a State park. The record also discloses that there is no regulation on the part of the Liquor Control Board on this subject. As a matter of fact, while it does not appear on the record, we understand that the board has granted liquor licenses for premises entirely surrounded by, and situated in the very midst of other famous and nationally known State parks. We cannot agree with the contention that the location of the premises with relation to the boundaries of the park would in itself be a legal ground for refusing the license, in the absence of specific legislation to that effect, or that it could affect the construction of the deed restrictions.

In the absence of any provisions in the Liquor Control Act similar to those in the former Brooks High License Act, providing for the filing of remonstrances by citizens and the calling of witnesses to express their opinions on the advisability of granting the license, the court has no right or authority to give consideration to such remonstrances or evidence. In the absence of statutory provision they are not legal evidence. The existing legislation does not make the courts an independent licensing authority and does not vest in them the power to exercise their

personal views as to the moral phase of the liquor question, or as to the desirability of the granting of any particular license. The sole purpose of the appeal provided for by the act is to prevent an unreasonable or arbitrary exercise of power or an abuse of discretion on the part of the Liquor Control Board: In re Refusal of Liquor License of Atwood Hotel, 14 Wash. Co. 74. If the board committed any substantial error in its conclusions of law or deductions of fact, such error would be a technical abuse of discretion and would require the sustaining of the appeal. The court respects and fully appreciates the opinions of the remonstrants and the high motives which inspired their protest, but it is powerless, under the provisions of the Liquor Control Act, to take cognizance of them. If the residents of the district are opposed to licenses generally on moral grounds, they have a remedy under the local option provisions of the act.

For the reasons above set forth we conclude that the refusal of the license to the applicants was based on erroneous conclusions of fact and law and, therefore, amounted to an abuse of discretion, requiring the appeal to be sustained.

Now, September 14, 1936, the appeal is sustained, the refusal of the Liquor Control Board to grant a license to Bertha Haven and William Haven upon their said application is set aside, and it is ordered and decreed that a license be issued to the applicants upon their filing the necessary bond and paying the required fees for the license.