## Knisely v. General Refractories Co.

*A. H. Jubelirer* and *Ben-Zion D. Oliensis,* for plaintiff.

*White & Staples,* for defendant.

SMITH, P. J., December 14, 1943. — This matter comes before the court on defendant's rule for judgment of non pros.

Defendant's petition avers, inter alia, that plaintiff's statement of claim sets forth that plaintiff was employed by defendant for 20 years preceding July 20, 1937; was exposed to unsafe working conditions, and that he was forced to leave defendant's employ on July 20, 1937, having contracted silicosis from which he still suffers; that a summons in assumpsit (should have been in trespass) was issued June 29, 1939, and that no further proceedings were had in the case until July 6, 1943, when the statement of claim was filed after defendant's counsel had notified plaintiff's counsel of the former's intention to direct entry of a judgment of non pros, pursuant to Rule 135 of this court; defendant has for many years considered the claim as abandoned and has had no medical examination made of plaintiff since May 5, 1939; some persons, who would have been witnesses for defendant if the matter had been proceeded with promptly, are now in military service or employed in other parts of the country and

their whereabouts unknown; plaintiff is guilty of laches, etc., and defendant's ability to defend the action is prejudiced.

To this petition plaintiff by his attorney makes answer in which it is stated: Plaintiff is not at fault for the delay, but his counsel is; the lawyer son of B. D. Oliensis, Esq., who is now in the Army, prepared and had signed the statement of claim and had placed it in the office folder and B. D. Oliensis, Esq., whose case it was, believing that it had been filed, served, and ordered down on the trial list, learned, on July 3, 1943, that a rule for a non pros was about to be filed and he on July 6, 1943, abstracted the signed statement of claim from the office folder and filed and served the same with a letter of explanation to counsel; defendant is in no manner hampered or prejudiced; defendant's physicians have had several medical examinations of plaintiff and may have another if it so desires; all witnesses for defendant who worked with plaintiff for defendant are still available; plaintiff is not guilty of laches and if non pros were entered plaintiff would be prejudiced by being prevented from having his claim tried on its merits.

This petition presents a condition of an unusual nature. Reputable counsel advances the inadvertence of his office as an excuse for what on the surface appears to be a stale claim. Since Mr. Oliensis enjoys the confidence of the court, we accept his statement as true.

Laches in a general sense is the neglect, for an unreasonable and unexplained length of time, under circumstances permitting diligence, to do what in the law should have been done: 21 C. J. 210. There are three primary things to be considered: One of the principal tests is whether the delay is unexplained; the second is whether the delay renders it difficult for the court to ascertain the truth of matters in controversy in order to do justice to the parties, and the third is, has there been such a change in conditions as would render it inequitable to enforce the claim.

The doctrine of laches cannot be worked to defeat justice and we must determine from the pleadings if the right which plaintiff now seeks to invoke will work injustice. Laches is not to be imputed to a party from the mere lapse of time alone; it is an implied waiver, arising from knowledge of existing conditions and an acquiescence in them: Hansell v. Downing, 17 Pa. Superior Ct. 235, 240. The burden of presenting the excuse for an unreasonable delay is on plaintiff and the question of whether or not the excuse is satisfactory rests in the sound discretion of the court. While we have some difficulty in understanding how, in a case so serious in its nature, plaintiff should permit five years to pass before making some effort to learn why the case did not appear on the list for trial, and while we believe that the negligence of counsel ordinarily is no defense to laches, nevertheless, we shall accept the explanation of his counsel as avoiding negligence as offered in the answer. Accepting this explanation as true, we do not believe that a plaintiff's claim should be set aside unless the facts show that such delay works a great inequity against defendant.

Thus we shall consider whether the delay has prejudiced defendant and hampered its ability properly to present its defense to plaintiff's claim. The answer, which sets forth averments that the employes of defendant who worked in its place at the time of the alleged injury to plaintiff are still available and that plaintiff suffers from a condition immediately ascertainable by medical examination, would satisfy any reasonable person that the delay has not been prejudicial to defendant. See Selmer et al. v. Smith et al., 285 Pa. 67, 70, Potter Title & Trust Co., Admr., v. Frank et al., 298 Pa. 137, 141, and Hruska et al. v. Gibson, Exec., 316 Pa. 518, 519.

We believe that full justice to both parties will best be done by a trial on the merits and that defendant's rule for a non pros should be discharged.

*Order*

And now, to wit, December 14, 1943, the rule for judgment of non pros is discharged and trial commissioner directed to list case specially.