Emma Muzzarelli, Appellant, v. A. H. Hulshizer et al.

*Deed—Building restriction—Covenant.*

An owner of three adjoining lots executed three deeds on the same day for the three lots to different persons. The deed for the middle lot contained the following clause: "It is further understood, conditioned and agreed by and between the said parties hereto that the said William C. Hough, his heirs and assigns, shall not nor will at any time hereafter erect or build on the said hereby granted lot any building or part of a building further westward than thirty-seven feet from the line of Ninth street, except a privy and bath-house, not exceeding six feet in depth and sixteen feet in height, from the lower floor of the house, now erecting on the said lot, to the eave of said bath-house." The other two deeds did not refer to the building restriction, but they did recite the fact of the conveyance of the lot on the same day to the grantee mentioned in the deed. *Held,* that the building restriction was in the nature of a covenant running with the land, and was intended to create and did create an easement of light and air in favor of the adjoining lots.

Argued April 4, 1894. Appeal, No. 319, Jan. T., 1894, by plaintiff, from decree of C. P. No. 1, Phila. Co., Sept. Term, 1893, No. 954, refusing preliminary injunction. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Bill in equity to enforce building restriction.

The facts appear by the opinion of the Supreme Court.

The court refused the injunction in the following oral opinion by BRÉGY, J. :

" I have carefully considered this case and have decided to refuse the injunction prayed for in the bill. I do this principally upon the ground that the locality of Ninth and Vine streets, in the city of Philadelphia, has entirely changed its character from being a place of residence to one almost exclusively given up to business purposes. In addition to the evidence, my own experience and acquaintance with the neighborhood, which covers a period of nearly thirty years, is such that as I now remember the houses which were built along the westerly side of Ninth street, between Race and Vine, they were all similar in appearance and were occupied as dwelling houses. During that time the neighborhood has entirely changed, and it is now used almost exclusively for retail stores and shops. It would be a hardship not to allow the owners of the ground to improve their lot for such purposes as they desire, beyond the line mentioned, under the condition or covenant, if it may be called such, in the deed made by Mrs. Sergeant. I am also of the opinion that it would be inequitable to grant the injunction which would prevent the owners of the land from occupying more than one half of their premises, especially as it has been shown that they intend to improve it for business purposes, for which, as I know, the neighborhood is now used. The injunction is also refused in view of the fact that complainant has an ample remedy at law for the recovery of such damages as their property may sustain by the extension of the buildings which it is the intention of the owners of the lot to erect. I therefore refuse the injunction."

*Error assigned* was refusal of injunction.

*J. Howard Gendell*, for appellant, cited: Clark v. Martin, 49 Pa. 289; St. Andrew's Church's Ap., 67 Pa. 512; Steiner v. Coxe, 4 Pa. 13; Orne v. Fridenberg, 143 Pa. 487; 2 High on Injunction, § 1135; Lloyd v. R. R., 2 De G., J. & S. 568; Raphael v. R. R., L. R. 2 Ch. 147; Foster v. R. R., 2 W. R. 378; Attorney General v. Ry., L. R. 3 Ch. Ap. 99; Hill v. Miller, 3 Paige, 254; Walters v. McElroy, 151 Pa. 549.

*Joseph L. Tull*, for appellees, cited: Mitchell on Real Estate, 436; Jewell v. Lee, 96 Mass. 145; Dana v. Wentworth, 111 Mass. 291; Kratis v. Lyon, L. R. 4 Ch. Ap. 218; Sayers v. Collyer, L. R. 24 Ch. D. 188; Trustees of Columbia College v. Thacher, 87 N. Y. 311; Orne v. Fridenburg, 144 Pa. 487.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 1, 1894:

This appeal is from the refusal to grant a preliminary injunction restraining defendants from violating the building restriction contained in the deed, hereinafter referred to, under which they derive title.

So far as they are material to the question involved in this contention, the facts are sufficiently stated in the bill. In 1830, Mrs. Elizabeth B. Sergeant owned three adjoining lots, each fronting twenty feet and four inches on the west side of North Ninth street, Philadelphia, and extending back, preserving same width, about one hundred and sixteen feet, now numbered respectively 252, 254 and 256, on which it is alleged that three houses were then about being erected. On December 21 of that year, by three separate deeds, of same date, Mrs. Sergeant conveyed said lots to different persons reserving a ground rent. Each deed was therefore signed and sealed by the purchaser. In each, the description of the lot conveyed referred to the adjoining lot or lots as "intended to be this day granted, by the said Elizabeth B. Sergeant, to" the purchaser of such adjoining lot. The middle or central lot, now owned by the defendants and numbered 254, was thus conveyed to William G. Hough, who signed and sealed the deed therefor. That deed contains, at the end thereof but above his signature and seal, the following clause: "It is further understood, conditioned and agreed by and between the said parties hereto that the said William G. Hough, his heirs and assigns, shall not nor will at any time hereafter erect or build on the said hereby granted lot any building or part of a building further westward than thirty-seven feet from the line of Ninth street, except a privy and bath-house not exceeding six feet in depth and sixteen feet in height, from the lower floor of the house, now erecting on the said lot, to the eave of said bath-house."

By deed of same date, as above stated, lot No. 252, now belonging to plaintiff, was conveyed by same grantor. In that

deed no reference, in express terms, is made to said building restriction, but the lot conveyed is described, in part, as bounded, " Northward partly by a lot of ground intended to be this day granted by the said Elizabeth B. Sergeant to William G. Hough on ground rent." In like manner, her deed to Mr. Hough describes the lot conveyed to him as bounded on the south by property intended to be granted to David R. Knight, through whom plaintiff derives her title. By similar deed of same date, lot No. 256 was conveyed to John C. Davis. These three deeds, all of same date, were duly recorded, etc.

It is conceded by defendants that they have commenced and intend to erect an addition to their front building which will extend further westward than thirty-seven feet from the line of Ninth street; but they deny that their lot is subject to any building restriction in favor of plaintiff's lot.

On the other hand, it is claimed by plaintiff that the building restriction above quoted is in the nature of a covenant running with the land, and was intended to create and did create an easement of light and air in favor of her lot as well as the lot adjoining that of the defendants on the north, the observance of which, as to her own lot, she has a right to enforce. Considered in the light of the undisputed facts and giving to the words employed their ordinary and proper meaning, we are unable to see that the clause in question is susceptible of any other reasonable construction. It cannot be successfully contended that the restriction was intended to be merely personal or temporary, such as during the lifetime or the ownership of Mr. Hough, the grantee of Mrs. Sergeant. No warrant for any such construction can be found in the language employed. The words of the covenant are that " the said William G. Hough, his heirs and assigns, shall not nor will, at any time hereafter, erect," etc. In principle the case does not essentially differ from Clark v. Martin, 49 Pa. 289, and St. Andrew's Church's Ap., 67 Pa. 512, and is ruled thereby.

On the case, as presented, we think the learned court erred in denying the motion for a preliminary injunction.

Decree reversed with costs to be paid by defendants, and it is ordered that upon plaintiff giving bond in such sum as may be fixed by the court below, a preliminary injunction, as prayed for, be issued.