## Cheris's Liquor License Case.

Argued April 21, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-

RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ. ██

*Carroll Caruthers,* with him *Andrew G. Uncapher,* for appellant.

*Charles J. Margiotti,* Attorney General, *Horace A. Segelbaum* and *J. Alfred Wilner,* Special Deputy Attorneys General, for appellees, were not heard.

PER CURIAM, July 15, 1937:

The appellant, James Nick Cheris, applied to the Pennsylvania Liquor Control Board for a restaurant liquor license for his restaurant at 154 Columbia Av. enue, in the borough of Vandergrift, Westmoreland County, for the term ending April 30, 1936. It was refused. He appealed to the Court of Quarter Sessions of Westmoreland County which sustained the refusal of the board. He thereupon appealed to this court.

Section 404 of the Pennsylvania Liquor Control Act (Act of Nov. 29, 1933, Special Session, P. L. 15, as amended by Act of July 18, 1935, P. L. 1246, 47 PS 744) which authorizes an appeal from the liquor control board to the court of quarter sessions, in such cases, provides that "there shall be no further appeal" from the action of the court. The present 'appeal' is, therefore, in the nature of a certiorari, and our duty is limited to an inspection of the record to ascertain whether the court below exceeded its jurisdiction or its

proper legal discretion: *Revocation of Mark's License,*
115 Pa. Superior Ct. 256, 263, 176 A. 254.

The refusal of the liquor control board to issue the
license was based on the fact that there was a restric-
tion in the deed to the property, on which appellant
proposed to operate his restaurant liquor license, pro-
hibiting its use for the manufacture or sale of intoxi-
cating liquors.[1]  The appeal to the court of quarter
sessions attacked the validity of this covenant in the
deed and contended that it was rendered null and void
by the provisions of the Liquor Control Act, supra.
The court below upheld the validity of the restriction
and ruled against the contention of appellant that its
force and effect had been invalidated or annulled by
section 403 of the Liquor Control Act, which directs
that the board "shall grant and issue to the applicant
a liquor license" when satisfied of the truth of the
statements in the application, and that the applicant
is a person of good repute and has complied with the
other requirements of the act.  We agree with the legal
position of the court below.

It is not necessary to set out at length the opinion
of the learned President Judge which fully justifies
the order appealed from.  It refers to and follows his
prior decision in *Raschiatore's Appeal,* reported in 23
Penna. D. & C. Reports 315 (1934), where precisely
the same covenant was considered by the court and
the action of the liquor control board in refusing a
restaurant liquor license to one Raschiatore, for the

---

[1] "And the said party of the second part, [the grantee] for it-
self, its successors and assigns, does hereby covenant, grant and
agree with and unto the party of the first part, [the grantor], its
successors and assigns, that no vinous, malt, brewed, fermented
or distilled liquors or intoxicating drink of any kind shall be
manufactured, sold or offered for sale on the tracts of land
hereby conveyed or any part thereof, for the full term of ninety-
nine years from the date hereof [December 17, 1896].  Deed,
Apollo Iron & Steel Co. to Vandergrift Land & Improvement Co.

same reason, was sustained. We may briefly summarize its conclusions:

1—Such a restrictive covenant is reasonable and legal.[2]

2—It runs with the land.[3]

3—It is in the nature of an easement for the benefit of the holders of other lots in the plan, and was not affected by the subsequent dissolution of the corporate grantor.[4]

4—It is not affected by the fact that in violation of its provisions appellant sold beer on the premises from June 1, 1933 to May 31, 1935, under a malt liquor license issued by the county treasurer.

The discussion by Judge MORRISON in *Fanning's License*, 23 Pa. Superior Ct. 622, though concerned with the retail license Act of May 13, 1887, P. L. 108, is nevertheless applicable here and sustains the propriety and legality of such a restriction. See also *Vitko v. Pennsylvania Liquor Control Board*, 23 Penna. D. & C. Reports 648 (GREER, J.) and *Haas v. Penna. Liquor Control Board*, 53 Montgomery Co. Law Reporter 82 (CORSON, J.)

The provision in the Pennsylvania Liquor Control Act (sec. 403) directing that on compliance by the applicant with certain conditions, the board "shall grant and issue a liquor license," does not have the effect of nullifying and invalidating such a restrictive covenant in the deed, or rendering it illegal. The declared purpose of the Act is to *regulate and restrain*

---

[2] *Fanning's License*, 23 Pa. Superior Ct. 622; *Trotter's License*, 24 Pa. Superior Ct. 26; *Cambria Iron Co. v. Schry*, 38 Pa. C. C. 410 (SHULL, P. J.); *Cowell v. Springs Co.*, 100 U. S. 55.

[3] *Hansell v. Downing*, 17 Pa. Superior Ct. 235; *Cambria Iron Co. v. Schry*, supra; see also *Muzzarelli v. Hulzhizer*, 163 Pa. 643, 30 A. 291; *Landell v. Hamilton*, 175 Pa. 327, 34 A. 663; *Meigs v. Milligan*, 177 Pa. 66, 35 A. 600.

[4] *Cambria Iron Co. v. Schry*, supra; *Fanning's License*, supra, p. 626.

the sale, traffic in and use of alcohol and alcoholic, malt and brewed liquors, not to *promote and encourage* their sale and use; and the statute declares (sec. 3) that it shall be interpreted as an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth. Certainly, the Act exhibits no purpose or intent to strike down and render void covenants in deeds restricting or prohibiting the sale of intoxicating liquors, which our courts have upheld as reasonable and legal. Neither in the title nor in the body of the act is such an effect expressly given to its provisions, nor can it reasonably be implied.

The statute is dealing in general terms with applicants, who, ordinarily, are not restricted or prohibited by covenants in their deeds from selling intoxicating liquors on their premises, and the mandatory word 'shall' relied on by appellant is necessarily limited to an applicant whose deed does not prohibit the sale of the liquors which he proposes to dispense under his license.

The appeal is dismissed at the costs of the appellant.