## Argonne Club's License

*Leonard A. Mazer*, for petitioner.
*Frederick G. Weir*, for respondent.

EGAN, J., June 3, 1938.—Appellant's liquor license was revoked by the Pennsylvania Liquor Control Board on April 7, 1938, and after hearing de novo before Judge Egan in the quarter sessions court, the action of the Liquor Control Board was sustained in an order dated May 3, 1938. Thereafter, on May 6, 1938, appellant filed a motion "for a new trial and reargument" and the matter came before the court sitting in banc. During the argument a question arose concerning the procedure to be followed in such cases, preparatory to an appeal to the Superior Court.

Section 404 of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Acts of July 18, 1935, P. L. 1246, and June 16, 1937, P. L. 1762, provides that:

"Any applicant . . . may appeal . . . to the court of quarter sessions . . . whereupon a hearing shall be held . . . by the court. . . . The court shall hear the application de novo . . . [and] The court shall either sustain the refusal of the board or order the issuance of the license to the applicant. There shall be no further appeal."

The Superior Court may review the action of the court of quarter sessions on an appeal in the nature of a certiorari to ascertain whether that court exceeded its jurisdiction or abused its proper legal discretion: Neptune Club's Liquor License Case, 124 Pa. Superior Ct. 549; Young Men's Republican Club of the 15th Ward Liquor License Case, 125 Pa. Superior Ct. 486; Cheris' Liquor License Case, 127 Pa. Superior Ct. 355. In these cases an examination of the paper books shows that in none of them was there an argument before a court in banc, although they arose in counties where such method of procedure is followed in the disposition of the court's general business.

Under the provisions of the liquor control statutes, any applicant may appeal to the court of quarter sessions, and after decision and order by the judge sitting on such appeal, the applicant may have occasion to petition for further hearing, for a modification of the order, or for such other relief as may be proper and meritorious, but such proceedings or petitions shall not come before the court in banc but shall be addressed to the individual trial judge, who presided at the original hearing, and his decision and order shall be final, with the right of appeal by way of certiorari to the Superior Court.

On the merits of applicant's motion for a new trial or rehearing, we find no reason to disturb the order of Judge Egan, dated May 3, 1938, sustaining the revocation order of the Liquor Control Board.

And now, June 3, 1938, a new trial or rehearing is denied.