## Betoff's License

*Joseph Skale*, for petitioner.

*Thomas I. Guerin*, for Commonwealth.

SLOANE, J., May 25, 1939.—We have here an appeal from the refusal of the Liquor Control Board to transfer a restaurant liquor license to premises 2406 N. Front Street, from premises 1329 Race Street, Philadelphia.

The Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 403, 47 PS §744-403, permits the issuance by the board of liquor licenses "Provided, however, That, in the case of any new license or the transfer of any license to a new location, the board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or public playground . . .".

The board made measurements, found the new place to be within 300 feet of a church, and exercised its statute-given discretion in refusing a permit to transfer. The basis for the refusal is twofold: (1) The distance between the establishment and the church, and (2) the objections by the pastor of the church.

We start with something fundamental, that "The declared purpose of the Act [Liquor Control Act] is to *regulate and restrain* the sale, traffic in and use of alcohol and alcoholic, malt and brewed liquors, not to *promote and encourage* their sale and use; and the statute declares (sec. 3) that it shall be interpreted as an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth": Cheris' Liquor License Case, 127 Pa. Superior Ct. 355, 359-360, repeated in McGettigan's Liquor License Case, 131 Pa. Superior Ct. 280, 282-283. To regulate for welfare involves discretionary powers, vested by the act in the Liquor Control Board (see, for instance, Aquilani's License, 32 D. & C. 348). True it is, the act allows appeals from the board to the courts. But that does not mean that, by an appeal, we become the board. Our duty, as we see it, is to determine only abuse of that discretionary power, though, indeed, we hear matters de novo. Otherwise there would be two boards—the board itself, and the court. We do not supersede nor do we displace the board; we correct, keeping in mind that we must give effect to the legislative declaration of public policy appearing in this statute: Trages-

ser v. Cooper et al., 313 Pa. 10, 14. And we correct only where correction is necessary, where it is shown that the board has abused or misplaced its authority, with its wide fringe of discretion. Our function and determination is only as to the propriety of the board's actions.

So that in this case (as in similar cases) we conceive our function as one to determine whether or not the board *abused its discretion* in refusing petitioner's application to change the location of his license to dispense alcoholic beverages.

One possible focus of abuse is in the method of measurement adopted by the board. The act not having specified a method of measurement, the board adopted a rule concerning it—generally, the distance is to be measured in a straight or airline from a point on the curb or street line directly opposite the end of the church building to a point on the curb line in front of the entrance to the proposed establishment. Thus measured the distance in the instant case is less than 300 feet—260 feet, 2 inches or 266 feet, 11 inches—depending upon which opposite end was measured. Is this an unfair rule of measurement? Or to put it another way, has the board abused its discretionary power? (It is conceded that the rule is for all alike and not for petitioner alone). After all, the purpose of the provision is clear. Taprooms and the like are not to be too near to schools, hospitals, churches, charitable institutions, or public playgrounds. Few will deny that objective—health, peace and morals—which makes it good sense and sound policy. The legislature set 300 feet as a point of proper proximity, but left the method of determining that 300 feet to the center of responsibility —the board. Are we to say that the board by its rule of measurement in these cases has been too exact in carrying out the legislative purpose, and has gone beyond wise discernment to. become unreasonable or arbitrary?

We quibble with the board if we adopt petitioner's argument that the measurement ought to be from the door of the liquor-restaurant to the door of the church,

which in this case would be 303 feet. Is proximity to be determined by three feet where welfare is concerned? The legislature could not have intended to measure the welfare of our people by inches. Welfare is not measured with such lineal preciseness.

We are aware that another court revised the board's method of measurement: Kulbicas' License, 34 D. & C. 423, 425. And even if we adopted that court's suggestion, (Judge Henry, Lebanon County) from building line to building line, petitioner would still be denied, for the distance is still less than 300 feet (263 feet).

The board did not abuse its discretion in adopting the rule of measurement here discussed. We do not say it is the best devised rule, but it does not identify itself with impropriety. We do not determine appeals of this kind by imposing our mathematical excellence upon the board's sanction.

It may be asked whether the circumstances of the particular case show misuse of authority by the board. We think not. Petitioner asks for a transfer of a liquor license, not for a renewal of an expired license. If a license had previously been granted, and the board refused a renewal, it might well be said that the board could not turn face at this late date. But this application is new (even though for a transfer), and petitioner knew or should have known of the proximity of the church to his proposed location.

Petitioner received no foreword of informal approval from the board as in Petuh's License (Q. S. Wayne County, October sessions, 1937) where Petuh "received from the said Liquor Control Board a statement to the effect that they saw no reason why such license should not issue," and "relying upon this information, the said applicant proceeded to purchase the property in question and went to considerable expense in converting the same into a restaurant, for which he sought liquor vending privileges." There the court could have held that the board could not play fast and loose. But that does not

exist here. Moreover, the school authorities in the Petuh case (the proposed liquor-restaurant was to be within 300 feet of a school) had no objection "to his establishment as such." Here the pastor testified:

"I am objecting primarily on the basis of the minors who attend our church during the week, on Tuesday and Thursday nights in particular. Tuesday nights we have a neighborhood meeting of over 100 boys and girls of the neighborhood; and on Thursday nights we have minors attending our choir rehearsals, and the boys' club": boys and girls between the ages of 13 (and under) and 20. The pastor further testified in response to a question as to further objections:

"Yes. I would say this: that in our neighborhood we have so many institutions of that kind—if you wish to call them that—and that we made a survey some months ago and found in our particular area that there was some disturbing element in this section. We have been disturbed at different times by nuisances, with those holding liquor dispensing licenses and we believe that it is a general lowering of the morale of the whole section, which can be attributed largely to such establishments as this." The pastor is concerned with the "indirect influence on the minors, as the result of seeing those who might be under the influence of liquor; not so much the possibility of direct sale."

With those facts before us (and we find the pastor's testimony to be facts) we readily see the tie between the purpose of the legislature in enacting the particular provision, and the effectuation of that purpose in the board's refusal to grant the application to transfer. The good character and conduct of petitioner cannot avail to the contrary.

Discretion in its exercise necessarily involves a consideration of circumstances. Each case has its own, and rests on its own basis. Under all the circumstances of the case before us, the board was right in its action. The board is sustained and the appeal is dismissed.