## Larkin's License

*Thomas I. Guerin*, for Commonwealth.
*Blumberg & Sork*, for petitioner.

ROSEN, J., July 10, 1939.—This is an appeal from the decision of the State Liquor Control Board refusing petitioner's application for the transfer of a liquor license to premises 5527 Baltimore Avenue, Philadelphia, Pa.

The Liquor Control Board has not indicated its reason for refusing the transfer, and we, therefore, do not have the benefit of the reasons for its conclusion.

The evidence presented at the hearing before us shows that the applicant is operating a restaurant at the above location and has complied with all the requirements laid down by the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Act of June 16, 1937, P. L. 1762.

An attempt was made to show that the applicant does not run a bona fide restaurant, but the evidence presented does not justify me in so concluding, nor do I think that the Liquor Control Board would be justified upon the same evidence in reaching any conclusion other than that the applicant is operating a bona fide restaurant at the location.

Since the applicant has complied with the Pennsylvania Liquor Control Act, supra, it seems to me that he is entitled to a transfer of the license. It is not a matter within the discretion of the Liquor Control Board. The duty of the Liquor Control Board to transfer the license is mandatory under the act.

The Pennsylvania Liquor Control Act of 1933, as amended, sec. 403, provides that upon receipt of an application and compliance with other requirements specified in the act, and upon being satisfied with the truth of the statements contained in the application, and "that the applicant is a person of good repute, that the premises applied for meet all the requirements of this act and the regulations of the board, and the applicant seeks a license for a hotel, restaurant or club as defined in this act, the board *shall*, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, and in the case of a club, *may* in its discretion, issue a license . . .". The legislature thus deliberately and clearly indicated that, in the case of a hotel or a restaurant, it is the mandatory duty of the Liquor Control Board to issue a liquor license to the applicant if the conditions laid down by the act have been complied with, but left it to the discretion of the board whether or not to issue a license if the applicant was a club. The Liquor Control Board was not set up as a tribunal having wide discretionary powers in the case of the issuance of liquor licenses. It was intended as an administrative tribunal whose duties and powers were definitely fixed by the Liquor Control Act, and discretion was granted to it only in certain limited cases. When an applicant for a hotel or restaurant license complies with the conditions laid down by the act and is a person of good repute, he is entitled to a license as a matter of course.

The transfer of a license from one location to another is subject to the same conditions as the issuance of a new license for the new location. If the applicant were entitled to a new license for the location in question, he is

entitled to a transfer of an existing license, and the board similarly has no discretion in the matter. Indeed, section 403 would seem so to indicate because it specifically defines the cases in which the board has a discretion whether to grant a new license or the transfer of any license to a new location. The above-quoted provision of section 403 is followed by the following clause:

"Provided, however, That, in the case of any new license or the transfer of any license to a new location, the board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of any church, hospital, charitable institution, school or public playground, or if such new license or transfer is applied for a place where the principal business is the sale of liquid fuels and oil . . .".

This section 403 would seem to us to mean that the duty of the Liquor Control Board to issue a liquor license is mandatory if the applicant has complied with the conditions laid down in the act, and that the board has a discretion only in those cases specifically mentioned in this paragraph of the act, namely, in the case of the issuance of a license to a club, and in the case of the issuance of a new license or the transfer of a license to a new location if the location is within three hundred feet of a church, etc., or the principal business at the location is the sale of liquid fuels and oil. In all other cases the duty of the board is mandatory. While our attention has not been called to any decision on the question, this construction of the act seems to have been approved in Cheris' Liquor License Case, 127 Pa. Superior Ct. 355.

The applicant is a person of good repute. The premises to which the license is sought to be transferred are being conducted by him as a bona fide restaurant. The applicant has complied with all the requirements of the act. The appeal from the action of the Liquor Control Board in refusing to transfer the license is therefore sustained, and the board is directed to transfer the license in question to the new location.