## Kalanosky's License

*Paul R. Selecky*, for appellant.

*Peter P. Jurchak*, for Pennsylvania Liquor Control Board.

*James P. Harris*, for Borough of Kingston.

*Charles L. Casper* of *Fahey & Casper*, for individual protestants.

APONICK, J., July 26, 1943.—Appellants applied to the Pennsylvania Liquor Control Board for the transfer of a retail dispenser eating place license (commonly called a beer license) from one Pace on premises on South Wyoming Avenue to them on premises at 163 Church Street, both places being in the Borough of Kingston. Protests having been filed by some of the residents of the neighborhood to which the license was sought to be transferred, the board held a hearing and filed a decision denying the application. The opinion of the board contained the following language:

"At the said hearing, which was attended by the applicants and their counsel, the evidence adduced established the following facts:

"1. Several petitions signed by many persons residing in the immediate vicinity of the establishment for which a license is desired, objecting to the issuance of a license at this location, have been filed with the board.

"2. A number of protestants appeared at the hearing and testified that the premises proposed to be licensed are located within an area which is predominantly residential in character, and that they are op-

posed to the issuance of an additional license in such close proximity to their homes."

It was evidently intended that this portion of the opinion should constitute the findings of fact upon which the decision was based. It is obvious that they bear not the remotest resemblance to such findings as they are understood in a court of law. These so-called findings merely recite that protests have been filed and that certain persons testified to a certain effect. Based upon such findings, the board concluded as follows:

"The Beverage License Law gives the board discretion in the matter of the transfer of licenses and authorizes the board to transfer licenses as it may determine. After considering all of the facts of record pertaining to this case, the board reaches the conclusion that the protests must be sustained and that the discretion authorized by the law should be exercised by a refusal to grant this application for transfer of a retail dispenser eating place license."

The applicants then appealed to this court. Upon the hearing, the Liquor Board and appellants were represented by counsel. In addition, the Board of Kingston appeared by its solicitor and some of the residents of the neighborhood were represented by private counsel.

The only witness presented by the Liquor Control Board was one of its enforcement officers who testified that both the applicants and the premises met all of the requirements of the law and the regulations of the board. The Borough of Kingston offered in evidence a zoning ordinance of the borough adopted December 3, 1928, under the authority granted to the borough council by the Act of June 29, 1923, P. L. 957, 53 PS §15731. This ordinance classified the location of the licensed premises into a general residence district in which the operation of a place licensed to sell beer is not among the permitted businesses.

The protesting residents called a number of witnesses who testified that the presence of the licensed

premises in that neighborhood would be undesirable and they protested against the transfer.

Appellants called a number of witnesses who testified that they had no objection to the transfer of the license.

The questions presented for our decision are two in number:

1. May a license be transferred to a district in which the selling of beer is not a permitted business under the zoning ordinance of the Borough of Kingston?

2. Does the board have discretion to refuse a transfer if the applicants and the premises meet all the requirements of the law and the regulations of the board?

By the terms of the Beverage License Law of May 3, 1933, P. L. 252, 47 PS §84 et seq., a hearing before the court after the refusal of a transfer of license is a hearing de novo, and it has been held that the court may sustain the refusal of a transfer for reasons different from those given by the board or for reasons additional to those stated by the board: Spankard's Liquor License Case, 138 Pa. Superior Ct. 251, 256. It is necessary, therefore, that we consider all of the elements which would be considered by the board upon such an application and not only those set forth in its opinion.

The enforcement officer who was called by the board to testify at this hearing stated that the physical condition of the premises complied with all of the requirements of the law and the regulations of the board. This testimony is uncontradicted.

On the question of the moral fitness of appellants to hold a license, the individual protestants offered to prove that John Kalanosky had sold beer to a minor at a time when he had no license and that he had sold cigarettes to school children at one cent each. Upon objection being made to this offer, we sustained the objection and excluded the testimony. We think this ruling was erroneous in view of the decision in Spankard's Liquor License Case, supra.

When John Kalanosky was called as a witness in his own behalf, he denied both of these acts. In rebuttal, the protestants called as a witness the son of one of the protestants, who testified that in August 1942 and December 1942, at which time he was only 17 years of age, he purchased a quart of beer from John Kalanosky and consumed it himself, but not on the premises. At that time, this testimony was permitted only for the purpose of attacking the credibility of the applicant. We shall now consider it as substantive proof of the matters testified to. In addition, we assume that other witnesses have testified to similar occurrences and also that they have testified that John Kalanosky sold cigarettes to minors for one cent each. We believe that by so doing we have corrected the error made in excluding this testimony.

John Kalanosky vigorously denied each of these charges. The enforcement officer who testified stated that he made no investigation of the moral character of the applicants, but that one was made by Officer Malady. Officer Malady was not called and we have not been given the benefit of his findings. However, in view of the fact that the board denied the license only upon the ground which we have previously stated, we believe it to be a fair assumption that his report was favorable to the applicants. Upon this sharply-defined question of fact, we prefer to be guided by the results of the impartial investigation by trained officers of the board rather than by the testimony of the protestants who each displayed more or less vindictiveness against appellants. We find, therefore, as a fact, that the premises to which the license is sought to be transferred meet all the requirements of the law and the regulations of the board and that appellants are morally fit and qualify in all respects to hold a license.

On the question of the effect of the zoning ordinance upon the right of appellants to hold a beer license, we are satisfied that the answer is to be found in the case of Baker et al. v. Kirschnek et al., 317 Pa. 225. The

Borough of Media was incorporated by a special act of assembly approved March 11, 1850. It was provided in that act that it shall not be lawful for any person or persons to vend or sell vinous, spirituous, or other intoxicating liquors within the limits of said borough. After the passage of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, the Pennsylvania Liquor Control Board proposed to establish a liquor store in the Borough of Media. Some of the taxpayers brought an action for an injunction to restrain the action of the board upon the ground that it was a violation of the Act of March 11, 1850, P. L. (1851) 778. Judge Fronefield, who heard the case in the lower court, held that the Act of 1933 repealed the Act of 1850 as to all matters wherein they were inconsistent and refused the injunction. This action was affirmed by the Supreme Court in a per curiam decision, upon the decision of the court below.

The facts in that case are analogous to those in the case now before us. By the Act of June 29, 1923, P. L. 957, 53 PS §15731, et seq., borough councils were permitted to adopt zoning ordinances. Pursuant to that authority, the Council of the Borough of Kingston, on December 3, 1928, passed a zoning ordinance which would prohibit, by inference, the sale of beer in the district in which the premises are located. Of course, liquor and beer are not specifically mentioned in that ordinance because the sale of such beverages was illegal at that time at any place.

The Beverage License Law was originally passed as the Act of May 3, 1933, P. L. 252, and was amended and reënacted by the Act of July 18, 1935, P. L. 1217, and the Act of June 16, 1937, P. L. 1827. By section 33 of the Act of 1933, certain acts were specifically repealed and all other acts and parts of acts, general, local, and special, inconsistent with that act were also repealed. The situation here presented is identical with that which arose by the passage of the Liquor Control Act of 1933, where the same repealer clause is present.

The discussion by Judge Fronefield in the case of Baker et al. v. Kirschnek et al., supra, adopted by the Supreme Court, is so full and comprehensive that we believe further discussion to be unnecessary. Suffice it to say that, in our opinion, the Act of May 3, 1933, P. L. 252, as amended and reënacted, expressly repeals the Act of June 29, 1923, P. L. 957, and all ordinances adopted pursuant to the authority therein granted, when they are, as here, inconsistent.

The cases of Cheris' Liquor License Case, 127 Pa. Superior Ct. 355, and In re Appeal of Boyle, 34 Luz. Leg. Reg. 457, are clearly distinguishable from the present one. In both of those cases the license was denied because of a restrictive covenant in the deed to the property sought to be licensed. Such covenants were not, of course, affected by the passage of either the Beverage License Law or the Liquor Control Act. Our decision is based entirely upon the repeal of the earlier act by the later act.

On the remaining question of the standing of the protestants and the power of the board to refuse a transfer, in its discretion, when all of the requirements of the act and the regulations have been met, there are two lines of cases, all in the lower courts. The first group includes such cases as Popp's License (Erie County), 41 D. & C. 500, Larkin's License (Philadelphia County), 35 D. & C. 684, and Leon's Appeal (Allegheny County), 90 Pitts. L. J. 453. The other group includes the cases of Brodsky's License (Philadelphia County), 44 D. & C. 227, and In Re Transfer of Liquor License (Philadelphia County), 46 D. & C. 93. We have given careful study to all of these cases and it is our opinion that the reasoning of the first group is more nearly in conformity with the spirit and intent of the two controlling acts. It seems to us that the two cases in the second group are examples of the old axiom that hard cases make bad law.

The protestants also cite In re Appeal of Boyle, supra, in which Judge Farrell admitted testimony of

protestants and refused the transfer. A careful reading of that opinion, however, discloses that the testimony was admitted merely to show that the restrictive covenant in the deed had not been abandoned by failure of enforcement. The decision of our esteemed colleague was based solely upon the ground of the restrictive covenant and the protestants were in the position of requesting that the restriction be enforced.

We hold, therefore, that the individual protestants have no standing either before the board or this court and that all testimony as to the residential character of the neighborhood or the possible deleterious effect of the license upon the property values therein was irrelevant and should have been excluded and we now dismiss it from our consideration. The board having found that all requirements were met and that finding having been affirmed by this court, neither the board nor the court has any discretion to exercise in the matter. The transfer must be permitted.

*Order*

Now, July 26, 1943, the appeal is sustained and the Pennsylvania Liquor Control Board is directed to effectuate the transfer of license as requested in the application.