## Community Fire Company of Rexmont

*L. E. Meyer*, for applicants.

*E. A. Brubaker*, for protestants.

*Horace A. Segelbaum*, for Liquor Control Board.

EHRGOOD, P. J., July 13, 1946.—The above-named appellant has appealed to this court from an order

of the Pennsylvania Liquor Control Board, hereinafter called the board, dated March 25, 1946, refusing to grant appellant's application for a club liquor license for its premises located at Rexmont, Cornell Borough, Lebanon County, Pa. The board based its refusal to grant said license on the following grounds:

"1. The Liquor License Quota Act of June 24, 1939, P. L. 806, provides for a quota of two retail licenses for the sale of liquor and malt beverages in Cornwall, Lebanon County, and there are at the present time four such licenses in effect which are of the type counted against the said quota. Accordingly, the quota of retail licenses for said municipality is exceeded.

"2. Cornwall, Lebanon County, is amply provided with licensed places."

It was conceded at the time of the hearing on this appeal that since the above order was made, one of the four licenses has been revoked and there are now only three retail licenses counted against the quota.

The first reason assigned by the board for its refusal to grant said license raises a legal question whether a club liquor license may be issued by the board for premises situate in a municipality wherein the number of retail licenses calculated in accordance with the provisions of the quota law exceeds the limitation prescribed by said law.

This court has heretofore disposed of this legal question adversely to the action of the board in the case of In re Appeal of St. Patrick's R. C. B. Association, no. 29, September sessions, 1943, wherein we determined that the legislature in enacting the quota law, being the Act of June 24, 1939, P. L. 806, did not intend to restrict the board in issuing licenses for the retail sale of liquor and malt beverages to bona fide clubs, even though the percentage limitation set forth in section 2 thereof is exceeded in the municipality in which the club license is being applied for. This conclusion was reaffirmed by this court in In re Applica-

tion of the Lebanon Hook and Ladder Company No. 1 of Lebanon, Pa., Inc., no. 22, June sessions, 1945, by opinion filed on September 27, 1945. Inasmuch as we are of the same opinion, for the reasons stated in the foregoing appeals, the first reason urged by the board for the refusal in granting this license is without merit.

The second reason assigned by the board for the refusal of this club license is based upon alleged discretion in the board in the issuance of such licenses, under the provisions of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744-403. In the case of In re Application of the Lebanon Hook and Ladder Company No. 1, of Lebanon, Pa., no. 22, June sessions, 1945, hereinbefore referred to, inter alia, we held as follows:

"Furthermore, inasmuch as the Legislature of the Commonwealth of Pennsylvania has passed the so-called Quota Law of 1939, placing limitations on the number of licenses of various classes to be issued in a municipality, and our construction thereof, we are of the opinion that the Legislature did not intend to grant discretion to the Liquor Control Board to refuse to grant to a bona fide club a club liquor license on a basis of a numerical count of such licenses solely, in force in the municipality for which the license is sought."

From the evidence before us in the instant case it appears that the sole reason for the board's refusal to grant this license was based upon a numerical count of the retail licenses then in force in the Borough of Cornwall. We are, therefore, of the opinion that the second reason assigned by the board is without merit.

On May 3, 1946, after a hearing de novo was duly held by this court on the appeal taken by appellant and which original hearing was held on April 17, 1946, nine members of said appellant club presented a petition to this court praying that a rehearing be granted

for the reason, inter alia, that article VIII, sec. 7, under "Duties of Trustee", of the bylaws of the Community Fire Company of Rexmont, Pa., provided as follows:

"They [the trustees] shall have charge of the apparatus and drivers under their supervision, and prohibit spirituous or malt liquors being brought in the engine house."

A rehearing was granted by this court on May 15, 1946. The foregoing provisions of the bylaws of appellant club were offered in evidence. It also appears from the testimony that the attention of the Liquor Control Board, in considering the original application, was not called to this provision of the bylaws and for this reason, was not considered by the board as a reason for its refusal of appellant's application for club license.

It was stated in the syllabus of Spankard's Liquor License Case, 138 Pa. Superior Ct. 251:

". . . the hearing in the Quarter Sessions on appeal is de novo, and the court may sustain the refusal of a license for different reasons from those given by the board or for reasons additional to those stated by the board."

From the evidence produced, after rehearing, we are of the opinion that article VIII, sec. 7, was intended to prohibit spirituous or malt liquors on the premises of appellant fire company. In Cheris' Liquor License Case, 127 Pa. Superior Ct. 355, it was held:

"The provision in the Pennsylvania Liquor Control Act (sec. 403) directing that on compliance by the applicant with certain conditions, the board 'shall grant and issue a liquor license,' does not have the effect of nullifying and invalidating such a restrictive covenant in the deed, or rendering it illegal. The declared purpose of the Act is to regulate and restrain the sale, traffic in and use of alcohol and alcoholic, malt and brewed liquors, not to promote and encourage their sale and use; and the statute declares (sec. 3) that it shall be interpreted as an exercise of the police power

of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth. Certainly, the act exhibits no purpose or intent to strike down and render void covenants in deeds restricting or prohibiting the sale of intoxicating liquors, which our courts have upheld as reasonable and legal. Neither in the title nor in the body of the act is such an effect expressly given to its provisions, nor can it reasonably be implied."

We are of the opinion that the provisions contained in the bylaws of applicant club are reasonable and legal and that the applicant is bound by the prohibition contained in its bylaws, having been enacted by its members. A prohibition of this nature is similar in effect to a covenant in a deed prohibiting the sale of alcoholic beverages on the premises of an applicant.

And now, to wit, July 8, 1946, after due and careful consideration, it is ordered, adjudged and decreed that the action of the Pennsylvania Liquor Control Board in refusing a license to applicant be, and the same is hereby sustained, for the reasons set forth in this opinion; the cost of this proceeding to be borne by applicant.