# Ford Appeal

*Edmund P. Hannum*, for Pennsylvania Liquor Control Board.

*Raymond Pearlstine*, for appellant.

*H. Joseph Harrison*, for objectors.

DANNEHOWER, J., November 24, 1948.—This is an appeal from the refusal of the Pennsylvania Liquor Control Board to grant a transfer of the restaurant liquor license and amusement permit held by Mary Ford from the present location at 871 Lancaster Avenue, Bryn Mawr, Montgomery County, Pa., across the street to 870 Lancaster Avenue.

The board refused to grant the transfer because premises 870 Lancaster Avenue are subject to a deed restriction against the use of the premises as a "drinking saloon" and because the court of common pleas of this county, in a recent equity proceeding between this appellant and protestants, had decreed that the restriction is still valid and in effect. This appeal followed. The record before the board, and also of the equity proceeding, were admitted in evidence at the hearing before this court, but no other testimony.

Appellant contends that even though the newly acquired premises are subject to a deed restriction prohibiting their use as a "drinking saloon", that does not prevent the premises from being used as a restaurant and for the sale of intoxicating beverages under a restaurant liquor license issued by the Pennsylvania Liquor Control Board. In other words, she contends that a restaurant with a liquor license is not a "drinking saloon" within the meaning of the deed restriction.

Appellant's second contention is that the decree in equity declaring that the deed restrictions are of substantial value and benefit and cannot be declared null and void, does not rule the present appeal and is not res adjudicata.

Therefore, the questions involved are: Does the deed restriction against the use of premises 870 Lancaster Avenue as a "drinking saloon" prohibit their use for a restaurant operating with a bar for the sale of alcoholic beverages under a restaurant liquor license issued by the Pennsylvania Liquor Control Board?

Does the decree of the court and the equity proceedings dismissing appellant's bill in equity brought to declare void the deed restrictions upon the premises prohibiting their use as a "drinking saloon" control the Pennsylvania Liquor Control Board, so as to be res adjudicata?

Answering the last question first, the equity proceedings, where it was held that the deed restrictions are still of such substantial value and benefit that they cannot be declared null and void by a court of equity and are a covenant running with the land, does not rule the present transfer. The only question decided by the equity court (from which no appeal was taken) was that the restriction was still in effect. The question as to whether appellant would be violating the restriction if she sold liquor on the premises under a restaurant liquor license was not at issue in the equity case, and little or no testimony was introduced on that question. That fact was not essential to the judgment and was not litigated or determined by the final decree.

But we must sustain the Pennsylvania Liquor Control Board in its refusal to transfer the restaurant liquor license to premises which cannot be lawfully licensed for the sale of alcoholic beverages on account of the deed restriction prohibiting the use of the premises or any part thereof for a drinking saloon.

In addition to the restriction itself, the evidence before us discloses that Mary Ford knew of these restrictions before she purchased these premises; also, that in the amended bill in equity, paragraph 10, she alleged under oath: "That plaintiff has been put in fear by this information, because she derives the greater part of her income from the sale of alcoholic beverages." However, under cross-examination, in reference to the paragraph, she did state: "That is not right." Throughout the equity proceeding, her establishment was referred to as a taproom or bar. Furthermore, a protestant, Mr. Cotter, testified before the board, that "people go in her taproom sober and 75 percent come out under the influence of liquor and make a noise. I have an apartment house and the tenants object. I have heard they called police on several occasions". On behalf of the applicant it was testified that the new location met all the physical requirements for a restaurant; that she was conducting a restaurant at her present location and that she sold and purchased food.

It is clear to us and in accord with common sense, that the intention of the parties when drawing the restriction was to prohibit a drinking saloon, which is a place where intoxicating liquors are sold and consumed on the premises. True it is, that the Pennsylvania Liquor Control Act intended to prohibit forever the open saloon, but the declared purpose of the act was to regulate and restrain the sale, traffic in and use of alcohol and alcoholic, malt and brewed liquors, and not to promote and encourage their sale and use, and the statute declared that it shall be interpreted as an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals of the people of the Commonwealth. Certainly, the act exhibits no purpose or intent to strike down and render void covenants in deeds restricting

or prohibiting the sale of intoxicating liquors, which our courts have upheld as reasonable and legal.

There is no doubt that a liquor license is properly refused when the licensee would have to violate restrictions on his land in order to use it: Cheris' Liquor License Case, 127 Pa. Superior Ct. 355; McGettigan's Liquor License Case, 131 Pa. Superior Ct. 280.

A saloon has been defined as a place where intoxicating liquors are sold at retail and consumed or drunk, hence, a bar or barroom: 55 C. J. 1345. Today they are more popularly known as "taprooms".

Therefore, we find that the true intent of the grantor in this case was to prohibit any establishment where intoxicating liquors are sold for consumption on the premises, whether it is called a saloon, a taproom, a bar or barroom. Any other conclusion ignores the realities of the situation as we find them from the evidence before us.

Moreover, the applicant has failed to carry the burden of proof imposed upon her to show to the licensing power that the premises upon which the license privilege is to be exercised are premises upon which such privilege could be legally exercised: In re Application of Earle, 2 Monroe 1.

We have read Hobson's Appeal, 28 Del. Co. 118, in which Judge MacDade was faced with a somewhat similar problem and reached the opposite conclusion; but he expressly notes that the transfer was for a malt beverage license only, and not for the more concentrated forms of alcoholic liquors. We cannot agree with his decision and feel that the learned judge overlooked the realities of the situation.

And now, November 24, 1948, for the foregoing reasons, the appeal of Mary Ford is dismissed and the decision of the Pennsylvania Liquor Control Board, in refusing to transfer the restaurant liquor license in question is hereby sustained.